IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID PAUL KIRKIE, | § | |
| #02474425, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:21-cv-1622-E-BN |
| | § | |
| DALLAS COUNTY SHERIFF, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

David Paul Kirkie[1], a Texas prisoner proceeding *pro se*, filed in this closed action a new petition for a writ of habeas corpus under 28 U.S.C. § 2254 collaterally attacking his 2023 Dallas County convictions for obstruction or retaliation and aggravated assault with a deadly weapon, which resulted in a sentence of 2 years and 9 months of incarceration. *See State v. Kirkie*, No. F-1854329 (Crim. Dist. Ct. No. 2, Dallas Cty., Tex. Sept. 26, 2023); *State v. Kirkie*, No. F-1871280 (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex. Sept. 26, 2023); Dkt. No. 27 at 1.

United States District Judge Ada Brown referred this case to a United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The case was reassigned to the undersigned United States magistrate judge on March 20, 2024.

---

[1] In his filings, the petitioner spells his last name as Krikie. But because court records from the state criminal cases challenged in this habeas action and available records from the TDCJ's website spell his last name as Kirkie, the Court uses Kirkie to refer to the petitioner in this case.

Because Kirkie has failed to show that, before resorting to Section 2254 relief, he fully and properly exhausted his state remedies as to the criminal judgments he now challenges, the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons and to the extent set out below, the Court should dismiss any habeas claims in the new federal habeas challenge under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4") without prejudice to Kirkie's right to exhaust his state remedies, and dismiss any civil claims without prejudice to his raising them in his pending civil rights action, *Krikie v. Texas*, No. 3:24-CV-484-K-BT (N.D. Tex. Feb. 26, 2024).

The undersigned further recommends that the Court direct the Clerk of Court to open for statistical purposes a new Section 2254 case and to close the same on the basis of any order accepting or adopting these findings, conclusions, and recommendation.

## Discussion

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 592 U.S. 111, 124 (2020) (per curiam). A state prisoner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (quoting 28 U.S.C. § 2254(b)(1)(A))).

This entails submitting the factual and legal basis of any claim to the highest

available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).[2] Texas prisoners must present their claims to the Texas Court of Criminal Appeals ("CCA") in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). And, while "[a] petitioner need merely press a claim through one of these avenues to exhaust that claim," "[t]o exhaust a claim, it must also be presented in a procedural context in which state courts necessarily review the claim on the merits." *Loynachan*, 766 F. App'x at 159 (citations and emphasis omitted).

Under Habeas Rule 4, a district court may summarily dismiss a Section 2254 habeas application "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

---

[2] *See also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting, in turn, *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))); *Loynachan*, 766 F. App'x at 159 ("To determine whether a § 2254 petitioner has exhausted a claim, his federal claim should be compared with the claim he raised in state court. 'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.' 'Rather, the petitioner must afford the state court a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim."' This reflects the fact in the habeas system, state courts are provided the first opportunity to assess the claim." (citations omitted)).

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-CV-028-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Habeas Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)).[3]

While Kirkie indicated in response to questions from the standard Section 2254 form that he had appealed the judgments and sought further review by a higher state court, he identifies his trial court case numbers and this federal habeas action as the respective appellate case and case reviewed by a higher state court. *See* Dkt. No. 27 at 2. He also indicated that he filed a state habeas application in the "Dallas County appeals courts," but provided no case number. *Id.* at 3. He stated that the results of the above-referenced filings were "unknown." *Id.* at 2-3, 6-8. But there is no record that he appealed his convictions through the state appellate court, petitioned for discretionary review in the CCA, or pursued to conclusion any state post-conviction relief.

So the CCA has not had an opportunity to consider in a procedurally correct manner the claims that Kirkie now intends to raise in federal court. He has thus failed to properly exhaust state remedies. And any claims in his new Section 2254 application should be dismissed without prejudice under Habeas Rule 4. *See, e.g.,*

---

[3] *See also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise sua sponte a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

*Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))).

And insofar as Kirkie asserts claims that do not appear to specifically challenge his custody, he may not raise them in this habeas action. *See* Dkt. No. 27 at 5, 7. His non-habeas civil claims may be liberally construed either as a separate civil rights action or a mandamus action against the appropriate parties. Kirkie already has a pending civil rights action in which he includes each of the grounds for relief raised in his Section 2254 application here. *See Krikie*, No. 3:24-CV-484-K-BT, doc. 4 at 5. For that reason, and because of the filing fee for a new civil action, his non-habeas civil claims are not liberally construed as a new non-habeas civil action. They instead should be dismissed without prejudice to seeking relief in that pending civil rights action or to filing a new civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted*, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

### Recommendation and Directions to Clerk of Court

The Court should dismiss any habeas claims in Petitioner David Paul Kirkie's new Section 2254 application for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to his right to exhaust available state remedies. The Court also should direct the Clerk of Court to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special

Order 3-250, to the same District Judge and Magistrate Judge as in this case) and to close the same on the basis of any order accepting this recommendation.

The Court also should dismiss any non-habeas civil claims included in the new Section 2254 application for a writ of habeas corpus without prejudice to Kirkie's seeking relief in either Case No. 3:24-CV-484-K-BT or a new civil rights action.

And the Court should direct the Clerk of Court to serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 16, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE